UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

Robert Barnes,
   Plaintiff

v.                                    Case No. 7:23CV238

Rick White, et al.

MEMORANDUM IN SUPPORT OF COMPLAINT

The pro se prisoner plaintiff, Robert Barnes, files this Memorandum in support of his Complaint and states as follows.

I) INTRODUCTION

Plaintiff, a prisoner in the Virginia Department of Corrections ("VDOC"), alleges Defendant Doe censored his outgoing email that he addressed to his friend, Anthony Wright. In the email, Plaintiff complained that officials at his prison were providing him with constitutionally inadequate medical attention, and he directed his friend to forward the email to the American Civil Liberties Union of Virginia ("ACLU")

1

asking the organization to represent him in a civil action against the officials. Plaintiff asserts that Defendant Doe violated his First Amendment rights to correspond and to be free from retaliation.

## II) JURISDICTION

1) This Court has jurisdiction of Plaintiff's claims pursuant to 42 U.S.C. §§ 1331 and 1343(a)(3).

## III) PARTIES

2) Plaintiff, during the events mentioned herein, is and was incarcerated at Red Onion State Prison ("Red Onion"), which is owned and operated by the VDOC and the State of Virginia.

3) Defendant Doe, during the events mentioned herein, was the official working at Red Onion who censored Plaintiff's email on March 7, 2022.

4) Defendant White, during the events mentioned herein, is and was the Warden at Red Onion. He had no personal involvement in this action. He is sued only because he would be responsible for enforcing any injunctions this Court may enter. As the Warden,

2

Defendant White is the highest-ranking official at Red Onion. He has authority over all staff, including Defendant Doe, and he has the authority to mail out Plaintiff's email.

5) At all times mentioned herein, the Defendants acted under the color of state law. Defendant Doe is sued in his official and individual capacities, while Defendant White is sued in his official capacity.

## IV) FACTS

6) On or about March 1, 2022, Plaintiff attempted to send an email to his friend, Anthony Wright.

7) In the email, Plaintiff complained he was receiving inadequate medical attention at Red Onion. He directed his friend to forward the email to the ACLU of Virginia asking the organization to represent him in a civil action against VDOC officials.

8) The email never made it to Anthony Wright because prison officials intercepted it for screening purposes.

9) On March 7, 2022, Defendant Doe censored

3

the email.

10) Plaintiff received a notification reading, "Your JPay Mail was censored. Reason: Violation of COPD, Law, or [V]DOC policy."

11) If a prisoner violates VDOC policy when sending emails, staff may discipline him and may also restrict, suspend, or terminate his ability to send out further emails.

12) Plaintiff was not disciplined as a result of the censorship, and his ability to send out further emails was not restricted, suspended, or terminated.

13) To date, Plaintiff's email has not been sent to Anthony Wright due to Defendant Doe censoring it.

## II) LEGAL CLAIMS

14) Plaintiff re-alleges and incorporates by reference all previous paragraphs as if they are fully pled herein.

15) Defendant Doe violated Plaintiff's First

4

Amendment right to correspond with Anthony Wright when (s)he censored Plaintiff's email. Plaintiff asserts his email did not threaten any important or substantial interests the VDOC has in security, order, and rehabilitation.

16) Defendant Doe violated Plaintiff's First Amendment right to be free from retaliation when (s)he censored Plaintiff's email. Plaintiff asserts he was exercising his right to correspond when he sent the email to his friend. See Procunier v. Martinez, 416 U.S. 396, 409 (1974)(prisoners have a First Amendment right to correspond). "[P]rison officials cannot retaliate against inmates for exercising a constitutional right." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 543 (4th Cir. 2017)(citation omitted). Defendant Doe censored Plaintiff's email only because it complained that officials at his prison were providing him with constitutionally inadequate medical attention and because it sought to solicit the ACLU to represent him in a civil action against the officials. This likely would chill a person of ordinary firmness from exercising his right to send out such emails because the emails would be censored and because prison officials could restrict a prisoner's email privileges due to the censorship of emails.

5

# VI) RELIEF REQUESTED

Plaintiff asks this Court to grant him the following relief:

1) Order the Defendants to file an Answer admitting or denying the allegations of this Memorandum.

2) Declare that Defendant Doe violated his First Amendment right to correspond when (s)he censored his email.

3) Declare that Defendant Doe violated his First Amendment right to be free from retaliation when (s)he censored his email.

4) Issue an injunction requiring the Defendants to mail his email to Anthony Wright.

5) Order Defendant Doe to pay him $1,000 in compensatory damages and $1,000 in punitive damages.

6) Order the Defendants to reimburse him with the fees he incurs to bring and maintain this action.

7) Grant him any other relief he may be entitled to.

Respectfully submitted,

R. Barnes

Robert Barnes #1416795
VADOC Centralized Mail Dist. Cntr.
3521 Woods Way
State Farm, VA 23160